Matter of Trebuchet Capital Mgt., LP v Prelude Opportunity Fund, LP (2022 NY Slip Op 00991)





Matter of Trebuchet Capital Mgt., LP v Prelude Opportunity Fund, LP


2022 NY Slip Op 00991


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 655170/21 Appeal No. 15295 Case No. 2021-03568 

[*1]In the Matter of Trebuchet Capital Management, LP, et al., Petitioners-Appellants,
v
Prelude Opportunity Fund, LP, et al., Respondents-Respondents.


Emmet, Marvin & Martin, LLP, New York (John Dellaportas of counsel), for appellants.
Joshua L. Seifert PLLC, New York (Joshua L. Seifert and Jaime L. Berger of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about September 29, 2021, which denied the petition brought pursuant to CPLR article 75 to vacate or modify a mediator's award, dated August 11, 2021, and granted respondents' motion to dismiss the petition, unanimously affirmed, with costs.
The parties unequivocally agreed, in writing, to submit their contract dispute to a person who had previously mediated for them, that each would be "bound by whatever decision [that mediator] makes," and that each "waive[d] any right to review or appeal from such decision." That decision was clearly intended to be the final determination of the dispute. Thus, the plain language of the parties' agreements precludes judicial review (see Brad H. v City of New York, 17 NY3d 180, 185 [2011]; Sullivan v Harnisch, 96 AD3d 667, 667 [1st Dept 2012]).
We note that the crux of the parties' dispute, as defined by petitioners' own submission, was whether respondents had breached the agreements, whether petitioners were entitled to any of the "Target Amount" set forth in the parties' agreements, and if so, how much. The mediator's decision, that petitioners waived any right to any portion of the Target Amount, squarely resolved the dispute presented.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022